**[J-10-2015] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

ROBERT SCHANNE,              : No. 106 MAP 2014
:
            Appellant          : Appeal from the U.S. Court of Appeals,
                                          : Third Circuit No. 12-4044
:
              v.                    : ARGUED:   March 10, 2015
:
:
JENNA ADDIS,                   :
:
            Appellee          :

**DISSENTING OPINION**

**MR. JUSTICE STEVENS**                        **DECIDED:   August 17, 2015**

In comparison with other serious crimes, sexual misconduct victims *of any age* all too infrequently report their perpetrators due to systemic biases that disproportionately cast suspicion and blame upon them. The absolute judicial privilege should attach where, as here, a former student confides that she was sexually victimized by a school official to another school official who feels professionally obligated to report the statement to educational authorities, provided those details have a bearing on subsequent quasi/judicial proceedings. Therefore, under these circumstances, the student is the witness-declarant and the educational official is a possible party to the proceeding. The fact that Appellee could not mount the courage to name her alleged perpetrator until her twenties should not be used against her.

Section 588 of the Second Restatement of Torts holds:

A *witness* is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding or

as a part of a judicial proceeding in which he is testifying, if it has some relation to the proceeding.

RESTATEMENT (SECOND) OF TORTS § 588 (1977) (emphasis added). Regarding "communications preliminary to a proposed judicial proceeding," comment (e) notes:

[T]he rule stated in this Section applies only when the communication has some relation to a proceeding that is actually contemplated in good faith and under serious consideration by the *witness* **or** *a possible party* to the proceeding. The bare possibility that the proceeding might be instituted is not to be used as a cloak or to provide immunity for defamation when the possibility is not seriously considered.

Id. at cmt. e (emphasis added). Since the main definition designates the "witness" as declarant, it follows that the "possible party" may be the recipient. Comment (e) further clarifies that the intentions of the party-recipient may have a bearing on whether the privilege attaches to the witness-declarant.

In relation to Appellee, the majority characterizes Susan O'Bannon as "a friend who was employed by Lower Merion High School." Majority Opinion, slip op. at 1. However, the subjective nature of Appellee and O'Bannon's relationship is ultimately irrelevant. Independent of their friendship, O'Bannon was Appellee's ninth grade biology teacher and remains an educational professional who, upon reflection, felt obligated to report Appellee's allegations to educational authorities. As observed by the District Court, "[h]ad the allegation failed to produce such a reaction and no proceeding ever took place, its status as a privileged communication would be more problematic." Schanne v. Addis, 898 F. Supp. 2d 751, 756 n.4 (E.D. Pa. 2012).

Here, Appellee's statements were "allegations that the school district seriously considered, investigated, and initiated a proceeding over . . . ." Id. After O'Bannon relayed Appellee's allegations to the appropriate authorities, Appellee fully cooperated with the ensuing investigation.

Appellant was not bereft of remedy, as he could, and did, file a grievance against the school district for wrongful discharge. The onus should be on school officials to conduct a thorough and responsible investigation before undergoing quasi/judicial proceedings.

I thereby respectfully dissent.